UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM CECIL THORTON, | Civil No. 11-cv-0338-IEG (POR) |
|---|---|
| Petitioner, | |
| v. | **ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL** |
| EUKETA OLIVER, | |
| Respondent. | [ECF No. 66] |

On February 17, 2011, Petitioner William Cecil Thorton ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On December 5, 2011, Petitioner filed his fifth Motion to Appoint Counsel. (ECF No. 66.) Petitioner argues the appointment of counsel is necessary because his claims are meritorious and he is unable to afford legal counsel.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to

appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

In the absence of counsel, however, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights," and "[t]he district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); Bashor, 730 F.2d at 1234.

Here, Petitioner does not present any new facts or circumstances demonstrating the appointment of counsel is necessary. Indeed, the instant motion is identical to Petitioner's previous motion for appointment of counsel. As the Court has found on four previous occasions, Petitioner has adequately represented himself to date. Petitioner's voluminous filings demonstrate an understanding of the law and relevant facts. On November 18, 2011, Petitioner filed a Traverse to Respondent's Answer. No further briefing is required at this time. Therefore, at this stage of the proceedings, the Court finds that the interests of justice do not require the appointment of counsel.

Based on the foregoing, the Court hereby **DENIES** without prejudice Petitioner's Motion for Appointment of Counsel.

**IT IS SO ORDERED.**

DATED: December 20, 2011

LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Irma E. Gonzalez
All parties